UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRELL EDWARD JONES,<br><br>                  Plaintiff,<br><br>   v.<br><br>PEDRO S. CHOU,<br><br>                  Defendant. | CASE NO. 3:20-CV-5084-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: March 19, 2021 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendant Pedro S. Chou's Motion for Summary Judgment ("Motion"). Dkt. 20.

After reviewing the relevant record, the Court concludes Plaintiff has failed to sufficiently rebut Defendant's showing regarding his malicious prosecution claim. Accordingly, the Court recommends Plaintiff's claim be dismissed. Because Plaintiff did not file a response, Defendant's request for sanctions is denied as moot.

REPORT AND RECOMMENDATION - 1

## I. Background

Plaintiff, a pretrial detainee at the Pierce County Jail at the time the case was filed, alleges Defendant Pedro Chou, a City of Tacoma Prosecutor, violated Plaintiff's Fourth Amendment rights. Dkt. 5. Plaintiff alleges Defendant made false statements when Defendant charged Plaintiff with assault in the fourth degree after Plaintiff was arrested in April 2017. Dkt. 5. As of the date of this Report and Recommendation, Plaintiff is no longer detained or incarcerated. *See* Dkt.

On January 15, 2021, Defendant filed the Motion. Dkt. 20. Defendant filed, and served on Plaintiff, the pending Motion with supporting evidence. Dkt. 20-27.[1] Plaintiff did not file a response to the Motion; however, Plaintiff's Complaint is signed under penalty of perjury and constitutes evidence. Dkt. 5.[2] Defendant did not file a reply.

## II. Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of

---

[1] The original submission was mailed to Plaintiff at an incorrect address. *See* Dkt. 24-27. Defendant subsequently filed three praecipes indicating Defendants' Motion and the relevant evidence was sent to Plaintiff at the correct address on January 15, 2021. *See* Dkt. 24-27. For ease of reference, the Court will refer to the original submission of Defendant's Motion and evidence throughout this Report and Recommendation, rather than the praecipes.

[2] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

REPORT AND RECOMMENDATION - 2

fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.    Statement of Facts

Defendant provides the following facts, which Plaintiff has not disputed. Defendant, a prosecutor, made the decision to charge Plaintiff with assault in the fourth degree after Plaintiff was arrested by Tacoma police in April 2017. Dkt. 5; 22 at ¶ 2. According to the police report, which Defendant relied on in making the charging decision, Plaintiff choked his girlfriend, Ms. Tara Hopgood, and bit her nose. *Id.* at ¶¶ 5-9, Exhibits 1-4. The police report further indicated Ms. Hopgood had visible injuries on her nose and finger, and marks under her chin and on her neck. *Id.* at ¶ 5, Exhibit 1. In addition to the incident report, Ms. Hopgood completed a supplemental report and a victim statement, which she signed under the penalty of perjury. *Id.* at ¶ 6, Exhibit 2.

Plaintiff was arraigned and released on bond. Dkt. 22 at ¶ 11, Exhibit 5. Plaintiff was ordered, in part, to comply with a protective order prohibiting Plaintiff from having contact with Ms. Hopgood. *Id.* at ¶ 11, Exhibit 5. Plaintiff was later arrested for violating the protective order when Ms. Hopgood drove Plaintiff to court, and they were seated in the same courtroom. *Id.* at ¶ 13, Exhibit 7. As a part of an investigation into the violation of the protective order, Ms.

Hopgood recanted her previous allegations. Dkt. 22, at ¶ 14, Exhibit 7. In doing so, Ms. Hopgood stated she omitted facts that she started the fight and had tried to break Plaintiff's phone. *Id.,* Exhibit 7. Ms. Hopgood stated she was the one who should have gotten into trouble, but when Plaintiff said he was going to call the police, she called first because she was afraid to lose her job. *Id.* The charge against Plaintiff for assault was dismissed due to Ms. Hopgood's refusal to cooperate or communicate with the prosecutor's office. Dkt. 22 at ¶¶ 16, 17, Exhibit 8.

## IV. Discussion

Plaintiff alleges Defendant violated his Fourth Amendment rights by making false statements of fact in a charging document.[3] Dkt. 5 at 11. Plaintiff states the police report contained "fabrications," "falsities," and Defendant provided "false statements of fact in an affidavit." Dkt. 5 at 4-5. Defendant construes Plaintiff's allegations as raising a claim of malicious prosecution and asserts he is entitled to summary judgment as there is no evidence Defendant initiated the prosecution in order to deprive Plaintiff of his constitutional rights. Dkt. 20. In the alternative, Defendant argues even if Plaintiff's claim is cognizable, Defendant is entitled to absolute immunity. Dkt. 20.

Malicious prosecution, by itself, does not constitute a constitutional violation; the plaintiff must show the defendant prosecuted him with malice, without probable cause, and that the defendant did so for the purpose of denying him equal protection or another specific constitutional right. *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Dec. 29, 1995) (citing *Bretz v. Kelman,* 773 F.2d

---

[3] In the Complaint, Plaintiff asserts his claim arises under the Fourth Amendment of the United States Constitution and cites federal case law and § 1983. Dkt. 5. He does not appear to allege a separate state law claim for malicious prosecution under Washington law. *See id.* Therefore, the Court declines to decide any issues of state law.

1026, 1031 (9th Cir.1985) (en banc) and *Cline v. Brusett,* 661 F.2d 108, 112 (9th Cir. 1981));
*Usher v. City of Los Angeles*, 828 F.2d 556, 561–62 (9th Cir. 1987); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004); *Premjee v. City of Los Angeles*, 2020 WL 1967907, at *9 fn. 3 (C.D. Cal. Jan. 31, 2020) (Malicious prosecution under § 1983 requires an additional element: the intent to deprive someone of equal protection or constitutional rights.). Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed. *Ybarra v. Illinois,* 444 U.S. 85, 91 (1979).

A malicious prosecution claim can be based on the rights secured by the Fourth Amendment to be free from unreasonable seizure.[4] Dkt. 5 at 4; *See e.g. Yousefian v. City of Glendale,* 779 F.3d 1010, 1015 (9th Cir. 2015); *Abudiab v. Georgopoulos*, 586 Fed. Appx. 685 (9th Cir. 2013); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381-82 (9th Cir. 1998) (analyzing claims of false arrest and malicious prosecution under § 1983 and the Fourth Amendment). Malicious prosecution claims arising under the Fourth Amendment can be asserted when government investigators "submit false and material information in a warrant affidavit." *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002). "Under this authority, a § 1983 plaintiff must show that the investigator 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." *Id.* (internal citations omitted); *See Chweya v. Bacca*, 130 Fed. Appx. 865, 868-69 (9th Cir. May 5, 2005) (proof that an officer intentionally fabricated evidence may

---

[4] Defendant appears to argue Plaintiff must demonstrate Defendant's actions were made with an intent to deprive Plaintiff of his equal protection rights or were motivated by racial animus. *See* Dkt. 20 at 6, 8-10. While an equal protection violation is one way to allege a malicious prosecution violation, Plaintiff may also assert a malicious prosecution claim based on a violation of the Fourth Amendment.

1 suffice to support a malicious prosecution claim and show the plaintiff was deprived of their
2 Fourth Amendment right to be free from unreasonable seizure).

3   Here, Plaintiff fails to establish a genuine issue of fact for several reasons. First, Plaintiff
4 has not alleged any facts specifying what information was false, nor does Plaintiff identify any
5 exculpatory evidence which would have altered Defendant's decision to file charges. Plaintiff
6 has failed to show how Defendant prosecuted him with an intent to deprive Plaintiff of his rights
7 under the Fourth Amendment to be free from unreasonable seizure or any other constitutional
8 right.

9   In the verified Complaint, Plaintiff states there was no picture evidence, the reporting
10 officer was not named in the charging document, and Defendant provided "false statements."
11 Dkt. 5. However, even if picture evidence were omitted, Plaintiff has not demonstrated any such
12 evidence existed or that it would be exculpatory. To the extent Plaintiff contends the reporting
13 officer was not named in the report, Plaintiff sets forth no arguments or evidence to demonstrate
14 why the identity of the reporting officer must be included in the charging document or how this
15 evidence shows Defendant engaged in malicious prosecution. Plaintiff further states the "report
16 contained fabrications/falsities" and Defendant provided "false statements of fact," but he has
17 not identified any evidence was material and omitted, or any evidence which was inconsistent.
18 Dkt. 5 at 4-5. Further, Plaintiff does not articulate why Defendant, relying on the police report,
19 bore responsibility for the failure to investigate any false information or statements. *See Leer v.*
20 *Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (finding a plaintiff must show how a defendant
21 caused or personally participated in causing the harm alleged in the complaint).

22   Even considering Ms. Hopgood later recanted her statement, Plaintiff has not produced
23 any evidence Defendant was aware Ms. Hopgood's statements were false at the time the
24

REPORT AND RECOMMENDATION - 6

charging document was filed, nor is there evidence Defendant was aware at the time the charging document was filed Ms. Hopgood would later recant her statement. Plaintiff has not demonstrated any casual connection between Defendant's decision to file charges and the fact that Ms. Hopgood's later recanted her testimony. To the extent Plaintiff argues the charges should have been dropped against him sooner based on Ms. Hopgood's recantation of her testimony, Defendant did not handle any further prosecution of Plaintiff's case after making the initial charging decision. *See Leer,* 844 F.2d at 633.

Rather, the only evidence Plaintiff offers is his verified Complaint, which is devoid of specific facts and details demonstrating Defendant acted with an intent to deprive Plaintiff of any constitutional right, particularly Plaintiff's Fourth Amendment rights. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"); *Celotex*, 477 U.S. at 324 (the nonmoving party must go beyond his or her own pleadings and designate "specific facts showing that there is a genuine issue for trial"); *Horonzy v. Corr. Corp. of Am.*, 2014 WL 3810430, *11 (D. Idaho Aug. 1, 2014) ("Plaintiff must provide meaningful evidence, more than a mere scintilla, that would tend to prove his assertions in order to overcome summary judgment.").

Second, Plaintiff has failed to present any evidence demonstrating Defendant acted with malice and without probable cause. Rather, the undisputed evidence reflects Defendant relied on the police report in making the charging decision, which indicated Plaintiff choked and bit Ms. Hopgood's nose. Dkt. 22, ¶¶ 5-9, Exhibits 1-4. Ms. Hopgood confirmed the facts presented in the police report in a supplemental report, which she signed under penalty of perjury. *Id.* at Exhibit 2. Specifically, Ms. Hopgood stated: "Terrell Jones attacked me inside my car. He choked me,

bit my nose and then choked me again. I called 911." *Id.* Based on the facts in the police report and Ms. Hopgood's sworn supplemental report, Defendant determined there was probable cause to charge Plaintiff with one count of assault in the fourth degree. Dkt. 22, Exhibit 3. In the charging document, Defendant states he is relying on the investigation conducted by the Tacoma Police Department. *Id.* at Exhibit 4. There is no evidence in the record demonstrating Defendant made any deliberately false statements, disregarded the truth, or that the falsifications were material to the finding of probable cause. *See Galbraith*, 307 F.3d at 1126. Thus, Plaintiff has not set forth any evidence to support a basis for malicious prosecution liability.

As required for a federal malicious prosecution claim, Plaintiff has failed to set forth competent evidence nor is there any inference from his allegations that Defendant acted for the purpose of denying Plaintiff his constitutional rights, with malice, and without probable cause. Accordingly, the Court concludes the malicious prosecution claim alleged in the Complaint should be dismissed.[5]

**V.     Sanction Motion**

On December 16, 2020, a Zoom deposition was scheduled for Plaintiff. Dkt. 21, Homan Declaration. Plaintiff failed to appear, which resulted in charges of $596.25 to Defendant. *Id.* Defendant moves for imposing sanctions on Plaintiff in the amount of $596.25 and ordering Plaintiff to appear for a Zoom deposition if Plaintiff responds to the Motion and offers any testimony in opposition. Dkt. 20 at 4-6, 12. As Plaintiff did not file a response or offer any testimony in opposition to the Motion, Defendant's request for sanctions is denied as moot.

---

[5] Based on the foregoing, the Court declines to consider whether Defendant is entitled to absolute immunity.

|   |   |
|---|---|
| 1 | **VI.    Leave to Amend** |
| 2 | The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must |
| 3 | have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they |
| 4 | cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). |
| 5 | At the initiation of this case, the Court directed service of the Complaint and did not notify |
| 6 | Plaintiff of any potential deficiencies in his Complaint. *See* Docket. However, Defendant's |
| 7 | Motion placed Plaintiff on notice of the deficiencies of his Complaint. *See* Dkt. 20. Plaintiff did |
| 8 | not respond to Defendant's Motion or seek leave to amend his Complaint after Defendant's filed |
| 9 | their Motion. Therefore, the Court finds *sua sponte* leave to amend is not warranted in this case. |
| 10 | *See Carter v. C.I.R.*, 784 F.3d 1006, 1009 (9th Cir. 1986) (finding the court did not abuse its |
| 11 | discretion in failing to grant leave to amend *sua sponte* where the government's motion provided |
| 12 | notice to the *pro se* plaintiff and the plaintiff did not seek to amend his petition after the |
| 13 | government's motion had been filed); *Bowen v. Chrysler Corp.*, 9 F.3d 1550 (9th Cir. 1993) ("If |
| 14 | a non-prisoner pro se plaintiff has adequate notice of the insufficiencies of his complaint, the |
| 15 | court need not grant leave to amend sua sponte."). |

### VII. Conclusion

In conclusion, the Court recommends Defendants' Motion (Dkt. 20) be granted as to summary judgment, the request for sanctions be denied as moot, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 19, 2021, as noted in the caption.

Dated this 25th day of February, 2021.

David W. Christel
United States Magistrate Judge